ORIGINAL

1 | THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 | THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 | San Rafael, CA 94903
Telephone:    415/674-8600
4 | Facsimile:    415/674-9900

5 | Attorneys for Plaintiff
CRAIG YATES, an individual
6

7 | **UNITED STATES DISTRICT COURT**

8 | **NORTHERN DISTRICT OF CALIFORNIA**

9

10 | CRAIG YATES, an individual,        CV C1SE NO.  **3582**
                                        **Civil Rights**

11 |        Plaintiff,

12 | v.                                  **COMPLAINT FOR INJUNCTIVE RELIEF
                                        AND DAMAGES:**

13 | ORIGINAL BUFFALO WINGS; THE UNG     **1st CAUSE OF ACTION:** For Denial of Access
       CORPORATION, dba ORIGINAL         by a Public Accommodation in Violation of the
14 | BUFFALO WINGS; PATRICIA              Americans with Disabilities Act of 1990 (42
       MONTAGUE, an individual; and      U.S.C. §12101, *et seq.*)
15 | PATRICIA MONTAGUE, as trustee of the
       PATRICIA MONTAGUE FAMILY TRUST    **2nd CAUSE OF ACTION:** For Denial of Full
16 | of 2004,                            and Equal Access in Violation of California
                                        Civil Code §§54, 54.1 and 54.3
17 |        Defendants.
                                        **3rd CAUSE OF ACTION:** For Denial of
18 |                                     Accessible Sanitary Facilities in Violation of
                                        California Health & Safety Code §19955, *et seq.*
19
                                        **4th CAUSE OF ACTION:** For Denial of
20 |                                     Access to Full and Equal Accommodations,
                                        Advantages, Facilities, Privileges and/or
21 |                                     Services in Violation of California Civil Code
                                        §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24 |                                     **DEMAND FOR JURY**

25

26

27

28

1     Plaintiff CRAIG YATES, an individual, complains of defendants THE UNG

2  CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an

3  individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY

4  TRUST of 2004 and alleges as follows:

5  **INTRODUCTION:**

6     1.     This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8  for failure to remove architectural barriers structural in nature at defendants' ORIGINAL

9  BUFFALO WINGS, a place of public accommodation, thereby discriminatorily denying plaintiff

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16  March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010,

17  was an invitee, guest, patron, customer at defendants' ORIGINAL BUFFALO WINGS, in the

18  City of San Francisco, California. At said times and place, defendants failed to provide proper

19  legal access to the wings restaurant, which is a "public accommodation" and/or a "public

20  facility" including, but not limited to entrance, dining area, signage and parking. The denial of

21  access was in violation of both federal and California legal requirements, and plaintiff

22  CRAIG YATES suffered violation of his civil rights to full and equal access, and was

23  embarrassed and humiliated.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 2499 Lombard Street, in the City and County of San Francisco, State of California, and that
12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS;
2    PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the
3    PATRICIA MONTAGUE FAMILY TRUST of 2004 (hereinafter alternatively collectively
4    referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the
5    owners, lessors and/or lessees, of the public accommodation known as ORIGINAL BUFFALO
6    WINGS, located at/near 2499 Lombard Street, San Francisco, California, or of the building
7    and/or buildings which constitute said public accommodation.

8    7.    At all times relevant to this complaint, defendants THE UNG CORPORATION,
9    dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA
10   MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, own and
11   operate in joint venture the subject ORIGINAL BUFFALO WINGS as a public accommodation.
12   This business is open to the general public and conducts business therein.  The business is a
13   "public accommodation" or "public facility" subject to the requirements of California Civil Code
14   §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C.
15   §12101, *et seq.*

16   8.    At all times relevant to this complaint, defendants THE UNG CORPORATION,
17   dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA
18   MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004 are jointly
19   and severally responsible to identify and remove architectural barriers at the subject ORIGINAL
20   BUFFALO WINGS pursuant to Code of Federal Regulations title 28, section 36.201(b), which
21   states in pertinent part:

22            **§ 36.201    General**

23                   (b) *Landlord and tenant responsibilities.* Both the landlord
         who owns the building that houses a place of public
24       accommodation and the tenant who owns or operates the place of
         public accommodation are public accommodations subject to the
25       requirements of this part.  As between the parties, allocation of
         responsibility for complying with the obligations of this part may
26       be determined by lease or other contract.

27            28 CFR §36.201(b)

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The ORIGINAL BUFFALO WINGS, is a restaurant, located at/near 2499 Lombard Street, San Francisco, California. The ORIGINAL BUFFALO WINGS, its entrance, dining area, signage, parking and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the ORIGINAL BUFFALO WINGS and each of its facilities, its entrance, dining area, signage and parking to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about January of 1995, defendants' and each of them purchased and/or took possessory control of the premises now known as ORIGINAL BUFFALO WINGS. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the subject restaurant was not accessible to the disabled. Nevertheless, defendants' and each of them, operated ORIGINAL BUFFALO WINGS as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ORIGINAL BUFFALO WINGS as being handicapped accessible and handicapped usable.

13.     On or about March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject ORIGINAL BUFFALO WINGS,  for purposes of purchasing food and beverage.

///

14.    On or about March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010, plaintiff CRAIG YATES while attempting to find parking at the subject restaurant encountered three (3) parking stalls at the ORIGINAL BUFFALO WINGS, none of which were for disabled parking use and there was no handicapped parking signage.

15.    On or about March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010, plaintiff CRAIG YATES while patronizing the ORIGINAL BUFFALO WINGS encountered other architectural barriers: lack of a compliant entrance; lack of signage directing the disabled to an accessible (or most accessible entrance); lack of maintenance of an entry door with proper pressure; and lack of a compliant dining area.

16.    On or about April 30, 2010, plaintiff CRAIG YATES wrote both the landlord and tenant concerning the entrance(s), a strike side clearance and parking. Plaintiff CRAIG YATES provided a source to call to get help. Plaintiff CRAIG YATES never received a response.

17.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject ORIGINAL BUFFALO WINGS which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel, i.e., to the accessible entrance(s);

      b.    lack of the requisite type and number of disabled parking stall(s);

      c.    lack of tow-a-way signage;

      d.    lack of an accessible entrance due to lack of strike side clearance;

      e.    lack of an accessible dining area; 5% compliance requirement; and

      f.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

18.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

19.    On or about April 30, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his letter, promising to immediately remove the barriers and providing a date when that would be accomplished. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

20.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

21.    As a legal result of defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    22.    As a result of the denial of equal access to defendants' facilities due to the acts and
2    omissions of defendants, and each of them, in owning, operating and maintaining these subject
3    public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4    rights under Civil Code §§54, 54.1 and 54.3.

5    23.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
6    mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
7    embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
8    person with physical disabilities being denied access, all to his damages as prayed hereinafter in
9    an amount within the jurisdiction of this court. No claim is being made for mental and emotional
10    distress over and above that usually associated with the discrimination and physical injuries
11    claimed, and no expert testimony regarding this usual mental and emotional distress will be
12    presented at trial in support of the claim for damages.

13    24.    Defendants', and each of their, failure to remove the architectural barriers
14    complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
15    accommodation, and continues to create continuous and repeated exposure to substantially the
16    same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

17    25.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
18    by defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA
19    MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA
20    MONTAGUE FAMILY TRUST of 2004, because defendants THE UNG CORPORATION, dba
21    ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA
22    MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004 maintained
23    a restaurant without access for persons with physical disabilities to its facilities, including but not
24    limited to the entrance, dining area, signage, parking and other public areas as stated herein, and
25    continue to the date of filing this complaint to deny equal access to plaintiff and other persons
26    with physical disabilities in these and other ways.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    26.    On information and belief, construction alterations carried out by defendants have
2    also triggered access requirements under both California law and the Americans with Disabilities
3    Act of 1990.

4    27.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the
5    ORIGINAL BUFFALO WINGS to be made accessible to meet the requirements of both
6    California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
7    long as defendants operate the ORIGINAL BUFFALO WINGS as a public facility.

8    28.    Plaintiff seeks damages for violation of their civil rights on March 27, 2010,
9    April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010 and seeks statutory
10   damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
11   Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the
12   date that some or all remedial work should have been completed under the standard that the
13   landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
14   readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject
15   public accommodation because of his knowledge and/or belief that neither some or all
16   architectural barriers had been removed and that said premises remains inaccessible to persons
17   with disabilities whether a wheelchair user or otherwise.

18   29.    On information and belief, defendants have been negligent in their affirmative duty
19   to identify the architectural barriers complained of herein and negligent in the removal of some or
20   all of said barriers.

21   30.    Because of defendants' violations, plaintiff and other persons with physical
22   disabilities are unable to use public facilities such as those owned and operated by defendants on a
23   "full and equal" basis unless such facility is in compliance with the provisions of the Americans
24   with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
25   other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
26   defendants to make the ORIGINAL BUFFALO WINGS  accessible to persons with disabilities.
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

31. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

32. Plaintiff is informed and believes and therefore alleges that defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, and each of them, caused the subject building(s) which constitute the ORIGINAL BUFFALO WINGS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject restaurant and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the ORIGINAL BUFFALO WINGS and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

33. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the ORIGINAL BUFFALO WINGS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the ORIGINAL BUFFALO WINGS accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the subject restaurant. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    34.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

2  disabilities, would, could and will return to the subject public accommodation when it is made

3  accessible to persons with disabilities.

4  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

5  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
   (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG

6  CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an
   individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE

7  FAMILY TRUST of 2004, inclusive)
   (42 U.S.C. §12101, *et seq.*)

8    35.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9  the allegations contained in paragraphs 1 through 34 of this complaint.

10    36.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12  protect:

13          some 43 million Americans with one or more physical or mental
            disabilities; [that] historically society has tended to isolate and
14          segregate individuals with disabilities; [that] such forms of
            discrimination against individuals with disabilities continue to be a
15          serious and pervasive social problem; [that] the nation's proper
            goals regarding individuals with disabilities are to assure equality of
16          opportunity, full participation, independent living and economic
            self-sufficiency for such individuals; [and that] the continuing
17          existence of unfair and unnecessary discrimination and prejudice
            denies people with disabilities the opportunity to compete on an
18          equal basis and to pursue those opportunities for which our free
            society is justifiably famous.
19

20    37.    Congress stated as its purpose in passing the Americans with Disabilities Act of

21  1990 (42 U.S.C. §12102):

22          It is the purpose of this act (1) to provide a clear and comprehensive
            national mandate for the elimination of discrimination against
23          individuals with disabilities; (2) to provide clear, strong, consistent,
            enforceable standards addressing discrimination against individuals
24          with disabilities; (3) to ensure that the Federal government plays a
            central role in enforcing the standards established in this act on
25          behalf of individuals with disabilities; and (4) to invoke the sweep
            of Congressional authority, including the power to enforce the 14th
26          Amendment and to regulate commerce, in order to address the
            major areas of discrimination faced day to day by people with
27          disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

38.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

39.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

40.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

>           (I)     the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be necessary
> for the provision of the goods, services, facilities, privileges,
> advantages, or accommodations being offered;

>           (ii)     a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

>           (iii)     a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,
> privilege, advantage, or accommodation being offered or would
> result in an undue burden;

>           (iv)     a failure to remove architectural barriers, and
> communication barriers that are structural in nature, in existing
> facilities . . . where such removal is readily achievable; and

>           (v)     where an entity can demonstrate that the removal of
> a barrier under clause (iv) is not readily achievable, a failure to
> make such goods, services, facilities, privileges, advantages or
> accommodations available through alternative methods if such
> methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

41.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ORIGINAL BUFFALO WINGS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1 On information and belief, defendants' failure to remove said barriers was likewise due to
2 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
3 (b)(2)(A)(i)and (ii).

4     42.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
5 accomplishable and able to be carried out without much difficulty or expense." The statute
6 defines relative "expense" in part in relation to the total financial resources of the entities
7 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
8 plaintiff complains of herein were and are "readily achievable" by the defendants under the
9 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
10 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
11 make the required services available through alternative methods which were readily achievable.

12     43.     On information and belief, construction work on, and modifications of, the subject
13 building(s) of the subject restaurant occurred after the compliance date for the Americans with
14 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
15 the ADA.

16     44.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
17 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
18 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
19 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
20 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
21 making use of the public facilities complained of herein so long as the premises and defendants'
22 policies bar full and equal use by persons with physical disabilities.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

45.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about July 14, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

46.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004 , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

47.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.    At all times relevant to this action, California

Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

49.    California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

50.    California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

///

///

///

///

///

///

///

///

///

///

///

1         51.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' ORIGINAL BUFFALO WINGS. As a legal result, plaintiff is entitled to seek

7 damages pursuant to a court or jury determination, in accordance with California Civil Code

8 §54.3(a) for each day on which he visited or have been deterred from visiting the subject

9 restaurant because of his knowledge and belief that the restaurant is inaccessible to persons with

10 disabilities. California Civil Code §54.3(a) provides:

11                 Any person or persons, firm or corporation, who denies or interferes
with admittance to or enjoyment of the public facilities as specified

12                 in Sections 54 and 54.1 or otherwise interferes with the rights of an
individual with a disability under Sections 54, 54.1 and 54.2 is

13                 liable for each offense for the actual damages and any amount as
may be determined by a jury, or the court sitting without a jury, up

14                 to a maximum of three times the amount of actual damages but in
no case less than . . .one thousand dollars ($1,000) and . . .

15                 attorney's fees as may be determined by the court in addition
thereto, suffered by any person denied any of the rights provided in

16                 Sections 54, 54.1 and 54.2.

17                 Civil Code §54.3(a)

18         52.     On or about March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5,

19 2010 and July 14, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1

20 in that plaintiff CRAIG YATES was denied access entrance, dining area, signage, parking and

21 other public facilities as stated herein at the ORIGINAL BUFFALO WINGS and on the basis that

22 plaintiff CRAIG YATES was a person with physical disabilities.

23         53.     As a result of the denial of equal access to defendants' facilities due to the acts and

24 omissions of defendants, and each of them, in owning, operating and maintaining these subject

25 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26 rights under Civil Code §§54, 54.1 and 54.3.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

54. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

55. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about March 27, 2010, April 24, 2010, May 22, 2010, May 29, 2010, June 5, 2010 and July 14, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

56. As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, inclusive)
(Health & Safety Code §19955, *et seq.*)

57.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

58.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

59.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the ORIGINAL BUFFALO WINGS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

60. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of ORIGINAL BUFFALO WINGS and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

61. Restaurants such as the ORIGINAL BUFFALO WINGS are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

62. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

63. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2  64.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
   EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
6  AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
   SEQ.* (THE UNRUH RIGHTS ACT)**
7  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG
   CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an
8  individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE
   FAMILY TRUST of 2004, inclusive)
9  (Civil Code §51, 51.5)

10  65.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

11  the allegations contained in paragraphs 1 through 64 of this complaint.

12  66.    Defendants' actions and omissions and failure to act as a reasonable and prudent

13  public accommodation in identifying, removing and/or creating architectural barriers, policies,

14  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

15  Unruh Act provides:

16  This section shall be known, and may be cited, as the Unruh
   Civil Rights Act.

17  All persons within the jurisdiction of this state are free and
18  equal, and no matter what their sex, race, color, religion, ancestry,
   national origin, or **disability** are entitled to the full and equal
19  accommodations, advantages, facilities, privileges, or services in all
   business establishments of every kind whatsoever.

20  This section shall not be construed to confer any right or
21  privilege on a person that is conditioned or limited by law or that is
   applicable alike to persons of every sex, color, race, religion,
22  ancestry, national origin, or **disability.**

23  Nothing in this section shall be construed to require any
   construction, alteration, repair, structural or otherwise, or
24  modification of any sort whatsoever, beyond that construction,
   alteration, repair, or modification that is otherwise required by other
25  provisions of law, to any new or existing establishment, facility,
   building, improvement, or any other structure . . . nor shall anything
26  in this section be construed to augment, restrict, or alter in any way
   the authority of the State Architect to require construction,
27  alteration, repair, or modifications that the State Architect otherwise
   possesses pursuant to other . . . laws.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1          A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2          also constitute a violation of this section.

3  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

5  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7  defendants, and each of them.

8      67.    The acts and omissions of defendants stated herein are discriminatory in nature and

9  in violation of Civil Code §51.5:

10          No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
11  or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
12  the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
13  suppliers, or customers.

14          As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
15  limited liability company, or company.

16          Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
17  modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
18  provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
19  in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
20  alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

68. Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §35, *et seq*., as if repled herein.

69. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

70. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

71. Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

1   **PRAYER:**

2       Plaintiff prays that this court award damages and provide relief as follows:

3   **I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
            PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4           DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
            (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG
5           CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an
            individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE
6           FAMILY TRUST of 2004, inclusive)
            (42 U.S.C. §12101, *et seq.*)

7       1.      For injunctive relief, compelling defendants THE UNG CORPORATION, dba

8   ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA

9   MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, inclusive,

10  to make the ORIGINAL BUFFALO WINGS, located at 2499 Lombard Street, San Francisco,

11  California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

12  *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

13  procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

14  accommodations being offered.

15      2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

16  prevailing party; and

17      3.      For such other and further relief as the court may deem proper.

18  **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
            EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
19          AND 54.3, *ET SEQ.***
            (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG
20          CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an
            individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE
21          FAMILY TRUST of 2004, inclusive)
            (California Civil Code §§54, 54.1, 54.3, *et seq.*)
22

23      1.      For injunctive relief, compelling defendants THE UNG CORPORATION, dba

24  ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA

25  MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, inclusive,

26  to make the ORIGINAL BUFFALO WINGS, located at 2499 Lombard Street, San Francisco,

27  California, readily accessible to and usable by individuals with disabilities, per state law.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2  each occasion on which plaintiff was deterred from returning to the subject public

3  accommodation.

4    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5  if plaintiffs are deemed the prevailing party;

6    4.    Treble damages pursuant to Civil Code §54.3;

7    5.    General damages according to proof;

8    6.    For all costs of suit;

9    7.    Prejudgment interest pursuant to Civil Code §3291; and

10    8.    Such other and further relief as the court may deem just and proper.

11  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

12  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG

13  CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE

14  FAMILY TRUST of 2004, inclusive)
(Health & Safety code §19955, *et seq.*)

15

16    1.    For injunctive relief, compelling defendants THE UNG CORPORATION, dba

17  ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA

18  MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, inclusive,

19  to make the ORIGINAL BUFFALO WINGS, located at 2499 Lombard Street, San Francisco,

20  California, readily accessible to and usable by individuals with disabilities, per state law.

21    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

22  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

23    3.    For all costs of suit;

24    4.    For prejudgment interest pursuant to Civil Code §3291;

25    5.    Such other and further relief as the court may deem just and proper.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE UNG CORPORATION, dba ORIGINAL BUFFALO WINGS; PATRICIA MONTAGUE, an individual; and PATRICIA MONTAGUE, as trustee of the PATRICIA MONTAGUE FAMILY TRUST of 2004, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    5.    For all costs of suit;

2    6.    Prejudgment interest pursuant to Civil Code §3291; and

3    7.    Such other and further relief as the court may deem just and proper.

4

5    Dated: _7/29/2010_, 2010          THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*

6

7                                 By: _____

8                                        THOMAS E. FRANKOVICH
                                         Attorneys for Plaintiff CRAIG YATES, an individual
9

10

11                          **DEMAND FOR JURY TRIAL**

            Plaintiff hereby demands a jury for all claims for which a jury is permitted.
12

13

14   Dated: _7/29/2010_, 2010          THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
15

16

17                                 By: _____

                                         THOMAS E. FRANKOVICH
18                                       Attorneys for Plaintiff CRAIG YATES, an individual

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 30, 2010

Manager
Original Buffalo Wings
2499 Lombard Street
San Francisco, CA 94123

Dear Manager of Original Buffalo Wings:

Recently, I visited the Original Buffalo Wings. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with the doors and parking. You can't get in on Divisadero Street. I have to use the Lombard entrance. On the Lombard side, there is no strike side clearance. It's the room next to the door that you would need in a wheelchair to angle in your chair and pull the door open. Anyway, you need a power door or make the other entrance usable. Also, you have no parking for the disabled. How about a parking space? Anyway, you can see how this is challenging for wheelchair users. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 30, 2010

Owner of the Building
Original Buffalo Wings
2499 Lombard Street
San Francisco, CA 94123

Dear Owner of the Building for Original Buffalo Wings:

Recently, I visited the Original Buffalo Wings. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with the doors and parking. You can't get in on Divisadero Street. I have to use the Lombard entrance. On the Lombard side, there is no strike side clearance. It's the room next to the door that you would need in a wheelchair to angle in your chair and pull the door open. Anyway, you need a power door or make the other entrance usable. Also, you have no parking for the disabled. How about a parking space? Anyway, you can see how this is challenging for wheelchair users. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates
. Craig Yates